## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff/Respondent,** | |
| **v.** | **Case No. 19-CR-20045-JAR** |
| **ILLYA TYLER,** | |
| **Defendant/Petitioner.** | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Illya Tyler's Motion Under 28 U.S.C.

§ 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 67).

Tyler also requests appointment of counsel (Doc. 68).  The matter is fully briefed, and the Court

is prepared to rule.  For the reasons explained below, the Court dismisses Tyler's § 2255 motion

without an evidentiary hearing and also denies his request for appointment of counsel.

## I.     Procedural Background

On July 24, 2019, Tyler was charged with one count of possession with intent to

distribute more than fifty grams of methamphetamine.[1]  On February 19, 2020, Tyler pleaded

guilty to the sole count in the indictment without a plea agreement.[2]

Prior to sentencing, a presentence investigation report ("PSR") was prepared, which

established Tyler's base offense level at 38 because the methamphetamine at issue totaled at least

4.5 kilograms of actual methamphetamine.[3]  The PSR also assessed a two-level enhancement for

---

[1] Doc. 1.

[2] Doc. 38.

[3] Doc. 42 ¶ 17.

importation, making the adjusted offense level 40.[4]  Tyler received a three-level reduction for

acceptance of responsibility, making his total offense level 37.[5]  With a criminal history category

of II, Tyler's Guidelines range was 235 to 293 months' imprisonment.[6]  Under 21 U.S.C.

§ 841(b)(1)(A), the mandatory minimum sentence was ten years.[7] The PSR further established

that Tyler may be eligible for a two-level "safety-valve" reduction under U.S.S.G.

§ 2D1.1(b)(18) because he appeared to meet the criteria set forth in § 5C1.2(1)–(5), but the

government disagreed because he had not provided a truthful statement.[8]  Tyler made two

objections to the PSR related to his safety valve eligibility and the importation enhancement.[9]

The sentencing hearing was held on December 2, 2020.  Tyler requested that the Court

sentence him to 72 months' imprisonment, a sentence lower than the ten-year statutory

minimum, based on a safety valve reduction under 18 U.S.C. § 3553(f).  After hearing testimony

from the case agent and arguments of counsel, this Court found Tyler's Guidelines range was

235 to 293 months.[10]  This Court overruled Tyler's objection to the PSR with respect to

importation enhancement and sustained his objection with respect to safety valve eligibility.[11]

The Court agreed that Tyler qualified for the two-level reduction, resulting in a Guidelines range

of 188 to 235 months' imprisonment.  Exercising its discretion and relying on the factors in

---

[4] *Id.* ¶ 18.

[5] *Id.* ¶ 26.

[6] *Id.* ¶ 51.

[7] *Id.* ¶ 50.

[8] *Id.*¶¶ 74, 79.

[9] *Id.* ¶¶ 78, 81.

[10] Doc. 59 at 69.

[11] *Id.* at 68.

§ 3553(a), the Court sentenced Tyler to 188 months, the low end of the Guidelines range.[12]  The Court gave particular weight to the large quantity of methamphetamine involved and Tyler's admission of prior conduct.[13]

Tyler appealed his sentence to the Tenth Circuit Court of Appeals.  The single issue raised on appeal was that this Court's sentence was substantively unreasonable.  The Tenth Circuit affirmed Tyler's conviction and sentence on September 30, 2021.[14]  This timely motion followed.

## II.     Legal Standard Under § 2255

Section 2255 entitles a federal prisoner to relief if the district court finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or [is] otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."[15]

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts: "the judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion."

An evidentiary hearing must be held on a § 2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."[16]  The petitioner

---

[12] Docs. 48, 49.

[13] Doc. 59 at 64–69.

[14] *United States v. Tyler*, No. 20-3246, 2021 WL 4472057, at *2 (10th Cir. Sept. 10, 2021).

[15] 28 U.S.C. § 2255(b).

[16] *Id*.

must allege facts which, if proven, would warrant relief from his conviction or sentence.[17] An evidentiary hearing is not necessary where the factual allegations in a § 2255 motion are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[18]

Finally, Petitioner appears *pro se*.  Therefore, his pleadings are to be construed liberally and not held to the standard applied to an attorney's pleadings.[19]  If a petitioner's motion can be reasonably read to state a valid claim on which he could prevail, a court should do so despite a failure to cite proper legal authority or follow normal pleading requirements.[20]  It is not, however,  "the proper function of the district court to assume the role of advocate for the *pro se* litigant."[21]  For that reason, the court shall not supply additional factual allegations to round out a petitioner's claims or construct a legal theory on his behalf.[22]

## III.    Discussion

Tyler claims that counsel was ineffective for failing to raise specific arguments or objections in his underlying proceedings.  He also claims that he should have received a lesser sentence because he qualified for but did not receive the safety valve reduction.  As a remedy, he requests the Court reduce his sentence to be served on home confinement.  The Court addresses these claims in reverse order.

---

[17] *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *overruled in part on other grounds by Daniels v. United States,* 254 F.3d 1180, 1188 n.1 (10th Cir. 2001).

[18] *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Hatch*, 58 F.3d at 1471 (stating that "the allegations must be specific and particularized, not general or conclusory"); *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims which are merely conclusory in nature and without supporting factual averments).

[19] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[20] *Id*.

[21] *Id*.

[22]  *See Whitney v. State of New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

A.      **Challenge to Sentence**

Tyler's claim that he should have received a lesser sentence because he qualified for but did not receive the safety valve reduction was presented to and disposed of by the Tenth Circuit on direct appeal.   "Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255."[23]

The central issue on Tyler's direct appeal was whether his sentence was substantively unreasonable because he qualified for a safety valve reduction.[24]  The Tenth Circuit noted that "eligibility for sentencing below the mandatory minimum does not create entitlement, nor does [18 U.S.C. § 3553(f)] mandate the district court to do so."[25]  The court proceeded to analyze whether this Court abused its discretion by imposing a sentence within the Guidelines range based on its § 3553(a) analysis, and concluded that it did not.[26]  Because it is axiomatic that this Court cannot review the Tenth Circuit's substantive rulings, it does not consider Tyler's claim on this ground in his § 2255 motion.

B.      **Ineffective Assistance of Counsel**

Tyler claims that counsel was ineffective for failing to raise four arguments or objections in his underlying proceedings: that he was not in a gang and never had been; that he made just one trip to California; that the fact that he took money and drugs to other states is not true; and that the people discussed in the PSR are not related to him and have no relationship to him.[27]

---

[23] *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989) (citing *United States v. Nolan*, 571 F.2d 528, 530 (10th 1978)).

[24] *United States v. Tyler*, No. 20-3246, 2021 WL 4472057, at *2 (10th Cir. Sept. 10, 2021).

[25] *Id.*

[26] *Id.*

[27] Because Tyler's motion alleges these arguments and objections were not or should have been raised or argued by his attorney, the Court does not address the government's alternative argument that the claims are

A successful claim of ineffective assistance of counsel must meet the two-pronged test set forth in *Strickland v. Washington*.[28]  First, a defendant must show that his counsel's performance was deficient in that it "fell below an objective standard of reasonableness."[29]  To meet this first prong, a defendant must demonstrate that the omissions of his counsel fell "outside the wide range of professionally competent assistance."[30]  This standard is "highly demanding."[31]  Strategic or tactical decisions on the part of counsel are presumed correct, unless they were "completely unreasonable, not merely wrong, so that [they] bear no relationship to a possible defense strategy."[32]  In all events, judicial scrutiny of the adequacy of attorney performance must be strongly deferential: "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[33]  Moreover, the reasonableness of the challenged conduct must be evaluated from counsel's perspective at the time of the alleged error, and "every effort should be made to 'eliminate the distorting effects of hindsight.'"[34]

Second, a defendant must also show that his counsel's deficient performance actually prejudiced his defense.[35]  To prevail on this prong, a defendant "must show there is a reasonable

---

procedurally defaulted for failure to raise them on direct appeal. *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir.1995) (en banc) (holding "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal.  Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed.").

[28] 466 U.S. 668 (1984).

[29] *Id.* at 688.

[30] *Id.* at 690.

[31] *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986).

[32] *Fox v. Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000) (quoting *Hatch v. Oklahoma*, 58 F.3d 1447, 1459 (10th Cir. 1995)).

[33] *Strickland*, 466 U.S. at 689.

[34] *Edens v. Hannigan*, 87 F.3d 1109, 1114 (10th Cir. 1996) (quoting *Strickland*, 466 U.S. at 689).

[35] *Strickland*, 466 U.S. at 687.

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[36]  A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome."[37]  This, in turn, requires the court to focus on "the question whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair."[38]

In all events, a defendant must demonstrate both *Strickland* prongs to establish a claim of ineffective assistance of counsel, and a failure to prove either one is dispositive.[39]  "The performance component need not be addressed first. 'If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.'"[40]

Notably, Tyler does not provide supporting details or facts for his ineffective assistance claim.  Even a *pro se* prisoner must allege some factual basis to support a claim, or else the court is left to guess, for instance, how counsel's failure to raise issues on appeal was objectively unreasonable.  Here, Tyler has failed to allege facts to support his claim of ineffectiveness that are more than mere speculation or conjecture.[41]  He merely states that "counsel was ineffective," but does not provide the Court with a basis for his claim.  Instead, his complaints simply amount

---

[36] *Id.* at 694.

[37] *Id.*

[38] *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

[39] *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

[40] *Id.* (quoting *Strickland*, 466 U.S. at 697); *see also Romano v. Gibson*, 239 F.3d 1156, 1181 (10th Cir. 2001) ("This court can affirm the denial of habeas relief on whichever *Strickland* prong is the easier to resolve.").

[41] *See Hatch v. Oklahoma*, 58 F.3d 1447, 1469 (10th Cir. 1995), *overruled in part on other grounds by Daniels v. United States,* 254 F.3d 1180, 1188 n.1 (10th Cir. 2001) ("In order to warrant relief, or, as an initial matter, even an evidentiary hearing, a habeas corpus petitioner must allege sufficient facts to establish a constitutional claim.") (quoting *Wiggins v. Lockhart*, 825 F.2d 1237, 1238 (8th Cir. 1987)); *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims that were merely conclusory in nature and without supporting factual averments).

to arguing that counsel did not raise every issue Tyler thought should have been raised in the underlying proceedings.

Moreover, none of the issues raised by Tyler have merit.  First, it appears that Tyler cites to 21 U.S.C. § 841(b)(1)(A)(vii) as penalizing him for being identified as the head of a "drug gang."[42]  That statute, however, imposes a ten-year mandatory minimum sentence based on the amount of methamphetamine Tyler was held responsible for; he did not receive an enhancement for his role in the offense.[43]

Second, he argues that he did not tell law enforcement that he made more than one trip to California, where he picked up the methamphetamine form a stash house.[44]  In calculating the amount of methamphetamine attributable to Tyler, the PSR doubled the amount found in his vehicle—35.94 kilograms—based on his admission that he had taken at least one additional trip to transport methamphetamine, resulting in a total drug amount of 71.88 kilograms of methamphetamine.[45]  Tyler's base offense level, however, was calculated under U.S.S.G § 2D1.1(a)(5) and (c)(1), based on at least 4.5 kilograms of methamphetamine,[46] and the ten-year mandatory-minimum sentence was based on 50 grams or more of methamphetamine. Accordingly, any objections to his sentence on this basis has no merit.

Third, Tyler argues that he did not transport money and drugs to other states, but he does not explain how this impacted his sentence or how this argument is meritorious.  Similarly, Tyler questions the identity of the people discussed his PSR, and that he has no relationship to them.

---

[42] Doc. 67 at 4.

[43] Doc. 42 ¶ 20.

[44] *Id.* at ¶ 8.

[45] *Id.* ¶ 11.

[46] *Id.* ¶ 17.

Without more, the Court cannot guess as to how the failure of counsel to raise these arguments amounts to nonfrivolous issues.  Accordingly, Tyler has not met his burden to demonstrate counsel's performance was deficient.

Nor has he provided and the Court cannot identify any reason to believe the objections would not have been overruled or, if considered, would have resulted in a lesser sentence. Although counsel's request for a variance to 72 months was unsuccessful, counsel did raise his eligibility for safety valve, resulting in a two-level reduction in the Guidelines range in the PSR and this Court's sentence at the low end of that range.  Tyler's ineffective assistance of counsel claim does not meet the standard for an evidentiary hearing, and the Court dismisses this claim.

## C.     Motion for Appointment of Counsel

The Court further finds that appointment of counsel is unjustified.  A defendant generally has no right to counsel in the presentation of a § 2255 motion, because the right to appointed counsel extends to the defendant's first appeal as of right, and no further.[47]  In deciding whether to appoint counsel as a matter of discretion, a court will consider factors such as the merit of the petitioner's claims; the nature of any factual issues; the petitioner's ability to present his claims; and the complexity of the claims.[48]  Appointment of counsel is not required where the issues raised are not unusually complex either legally or factually, and when the merits do not appear colorable.[49]  Here, Tyler's claims are not complex and he has failed to advance any viable arguments at all in support of an attack on his sentence.  The Court finds no basis for finding that appointment of counsel is justified under 18 U.S.C. § 3006A.

---

[47] *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

[48] *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

[49] *See United States v. Dillon*, 339 F. Supp. 2d 1155, 1160 (D. Kan. 2004) (denying motion for appointment of counsel for a § 2255 habeas petitioner after concluding that the claims were not "particularly complex, either legally or factually.").

**IV.     Certificate of Appealability**

Rule 11 of the Rules Governing Section 2255 Proceedings states that the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant.  "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[50]  To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[51]  For the reasons stated above, the Court finds that Tyler has not made this showing and, therefore, denies a certificate of appealability as to its ruling on his § 2255 motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Illya Tyler's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 67) is **dismissed** without an evidentiary hearing.  Tyler is also denied a certificate of appealability.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Appoint Counsel (Doc. 68) is **denied**.

**IT IS SO ORDERED.**

Dated: October 11, 2022

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[50] 28 U.S.C. § 2253(c)(2).

[51] *Sais v. Ortiz,* 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke,* 542 U.S. 274, 282 (2004)).